# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1453 | DATE | February 5, 2004 |
| CASE TITLE | Cisneros v. Jinny Beauty Supply Co and Ok Sung Choe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's motion to compel and for sanctions [7-1] is granted in part and denied in part. ENTER MEMORANDUM OPINION.

(11) x  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | FEB 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |

03-1453.041-JCD                                              February 5, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EPIFANIO CISNEROS, on behalf of himself and all other plaintiffs similarly situated, known and unknown,<br><br>        Plaintiff,<br><br>    v.<br><br>JINNY BEAUTY SUPPLY CO., INC., and OK SUNG CHOE, individually,<br><br>        Defendants. | No. 03 C 1453 |

**DOCKETED**
**FEB 0 6 2004**

## MEMORANDUM OPINION

Before the court is plaintiff's motion to compel and for sanctions. For the reasons explained below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, Epifanio Cisneros, brought suit (on his own behalf and on behalf of others similarly situated) against defendants Jinny Beauty Supply Co. ("Jinny") and Ok Sung Choe, an individual, alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. (Count I); willful violation of the FLSA (Count II); and violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. (Count IV). Plaintiff also seeks to collect liquidated damages pursuant to the FLSA (Count III). The complaint alleges
17

that defendants, who are beauty supply distributors, failed to pay overtime wages to plaintiff and other similarly situated employees.

The FLSA allows for "collective actions" to be maintained for alleged violations of the statute as follows:

> An action to recover the liability prescribed in [certain sections of title 29] may be maintained against any employer (including a public agency) . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This "opt-in" requirement preempts the class action procedure outlined in Federal Rule of Civil Procedure 23. See King v. General Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992).

Plaintiff has filed a motion to give notice to similarly situated persons. The motion was not fully briefed because the parties were attempting to agree on the scope of notice. During the parties' discussions, a discovery issue arose and led to the instant motion to compel.

Plaintiff asserts that defendants failed to display a notice explaining employees' rights to overtime pay under the FLSA, as required by 29 C.F.R. § 516.4. According to plaintiff, the practical effect of the failure to display this notice is the equitable tolling of the FLSA statute of limitations. Plaintiff seeks to compel defendants to produce a witness regarding whether

the notice was displayed, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Defendants argue that they need not produce a Rule 30(b)(6) witness for two reasons: 1) equitable tolling does not apply to the FLSA statute of limitations; and 2) Cisneros, whose claim was timely filed, is not "similarly situated" to plaintiffs who would invoke equitable tolling, nor could those plaintiffs' claims be managed in a collective action. Defendants also contend that plaintiff cannot represent any other plaintiffs because his claim is de minimis.

We agree with our colleague in this district that an employer's failure to post the notice required by 29 C.F.R. § 516.4 tolls the FLSA statute of limitations until an employee acquires a general awareness of his rights under the FLSA. See Cortez v. Medina's Landscaping, No. 00 C 6320, 2002 WL 31175471 (N.D. Ill. Sept. 30, 2002) (Gottschall, J.). Moreover, we reject defendants' argument that Cisneros is not "similarly situated" to plaintiffs who would invoke equitable tolling. The difference in the applicable limitations periods is not one that overrides the basic similarity of plaintiff's substantive claim and the possible substantive claims of other plaintiffs--the alleged failure to pay them overtime wages. The difference is not one that would affect plaintiff's motivation or ability to adequately represent these other plaintiffs, nor do we believe that plaintiffs' claims would

be unmanageable as a collective action. Furthermore, we reject defendants' de minimis argument.

Accordingly, plaintiff's motion to compel defendants to produce a Rule 30(b)(6) witness regarding the display of a notice regarding employees' rights to overtime pay is granted. Plaintiff's motion for sanctions is denied because defendants' position was "substantially justified," that is, it had a reasonable basis. See Fed. R. Civ. P. 37(a)(4); Pierce v. Underwood, 487 U.S. 552, 565-66 (1988) (construing the phrase "substantially justified"). Although we agree with Judge Gottschall's opinion in Cortez on the issue of equitable tolling, there does not appear to be any Seventh Circuit case law directly on point, and case law from other circuits is sparse.

## CONCLUSION

Plaintiff's motion to compel defendants to produce a Rule 30(b)(6) witness on the issue of defendants' display of the FLSA notice is granted. The deposition shall be taken by February 26, 2004. A status hearing is set for March 10, 2004, at which time plaintiff's motion to give notice to similarly situated persons will be discussed.

DATE:   February 5, 2004

ENTER:   _____
         John F. Grady, United States District Judge